UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION AT TOLEDO

| | | |
|---|---|---|
| John and Lucinda Leugers | : | Case No. 14-CV-2840 |
| c/o Mills Mills Fiely and Lucas | | |
| 632 Vine St., Suite 305 | : | |
| Cincinnati, OH 45202 | | |
| | : | |
| Plaintiff, | : | Judge |
| | | Referral Judge |
| | | |
| v. | : | COMPLAINT AND |
| | | JURY DEMAND |
| JP Morgan Chase Bank, N.A. | : | |
| 3415 Vision Drive | | |
| Columbus, OH 43216 | | |
| Defendant. | : | |

## INTRODUCTION

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Supplemental jurisdiction exists for claims brought under Ohio law pursuant to 28 U.S.C. § 1367.

2. Venue in this District is proper in that Defendant transact business in this District and the conduct complained of occurred in this District.

## PARTIES

3. Plaintiffs, John and Lucinda Leugers ("Plaintiffs" or "Plaintiff"), are natural persons residing in the City of New Bremen, County of Auglaize, State of Ohio. At all times relevant herein, Plaintiffs have resided at this residence. The Plaintiff is a "consumers" and "Plaintiff" as those terms are defined under the applicable Federal and State statutes.

4. Defendant JP Morgan Chase Bank, N.A. (hereinafter "Chase") is an incorporated business under the laws of the State of Delaware that maintains its principal place of business at 270 Park Avenue, New York, NY 10017. Chase maintains one of many processing centers for their mortgage loans at 3415 Vision Drive, Columbus, OH 43216.

5. At all relevant times, Chase conducted business as a "mortgage servicer" as that phrase is defined by the Real Estate Settlement Procedures Act.

## FACTUAL ALLEGATIONS

6. The Plaintiffs reincorporate all allegations stated above as if fully contained herein.
7. On or about April 9th, 2013, Chase filed a Complaint for Foreclosure in the Auglaize County Court of Common Pleas, Case No. 2013 CV 0065 against the Plaintiffs.
8. The Plaintiffs and Chase were involved in litigation in the foreclosure case that resulted in a Confidential Settlement Agreement and Full and Final Release between the parties in late August 2013 – early September 2013.
9. The full terms of the settlement are confidential however the non-confidential portion of the settlement included a loan modification which was recorded with the Auglaize County Recorder's Office on or about December 31st, 2014. A copy of the modification is attached as Exhibit A.
10. Pursuant to the modification, the Plaintiffs and Chase modified the loan ending in 9456 and the Plaintiffs were to resume payments as of October 1st, 2013.
11. Following the settlement, the Leugers did remit payments pursuant to the instructions in the modification agreement in a timely fashion.
12. The foreclosure case was dismissed by Stipulated Dismissal on or about March 4th, 2014.
13. In early July 2014, the Plaintiffs contacted Counsel regarding a concern with the application of the payments pursuant to the modification. The Plaintiffs, while not receiving monthly mortgage statements from Chase, still had electronic access privileges to review their checking accounts with Chase.
14. These account statements also include notations for a Home Equity Line of Credit, Acct. No ending 5598, which was a mortgage recorded between the Plaintiffs and Bank One, N.A. on or about August 24th, 2004. This mortgage was released on or about January 28th, 2013 voluntarily by Chase. A copy of the release of mortgage is attached as Exhibit B.
15. On or about August 26th, 2014, Plaintiff's Counsel sent a Request for Information requesting Chase send monthly mortgage statements to the Plaintiffs immediately as Plaintiffs waived their affirmative rights under 11 U.S.C. § 362. A copy of the letter is attached as Exhibit C.

16. On or about September 25th, 2014, the Plaintiffs received a letter from Chase indicating they were still investigating into the inquiries "to their home equity account ending in 9456." A copy of said letter is attached as Exhibit D.

17. On or about September 30th, 2014, the Plaintiffs received a second letter from Chase, a copy of which is attached as Exhibit E. This letter clearly again reiterates a review into loan account 9456 and indicates Chase cannot provide mortgage statements because the active bankruptcy status on the account.

18. The Plaintiffs have continued to make timely mortgage payments through December 1st, 2014 and neither Plaintiffs nor their Counsel have received any further correspondence from Chase.

19. Plaintiffs believe there is no other alternative to file suit against Chase because they are worried that Chase will wrongfully file another foreclosure against them and continue to credit mortgage payments to a non-existent account following the modification nd release of mortgage. Plaintiff John Leugers's health has continued to fail from the constant stress, anxiety, fear and frustration which culminated in an open-heart procedure in August 2014 and his recovery has continued to be impeded due to the actions of Chase since the settlement which have resulted in subsequent hospital visits since surgery. As a result of Chase's actions, the Plaintiffs have suffered the out-of-pocket expense of hiring counsel, the exacerbation of ailments that triggers an unwanted medical expense, and the continued stress, anxiety, fear, and frustration of having to deal with these unfortunate issues.

## CLAIM I: REAL ESTATE SETTLEMENT PROCEDURES ACT

20. Plaintiff reasserts and realleges the foregoing paragraphs as if fully rewritten herein.

21. Chase is a servicer of a "federally related mortgage loan" as that term is defined by 12 U.S.C. § 2602(a).

22. Plaintiffs, through Counsel, sent a Request for Information to waive their affirmative rights under the Bankruptcy Code to allow them to receive monthly statements. Each of these requested listed the Plaintiffs' names, address, account number, and disputed the failure of Chase to provide statements in accordance with the rights and duties imposes by the note, mortgage, and modification agreement.

23. Under 12 U.S.C. § 2505(e)(1)(A), a servicer that receives a QWR; Notice of Error; Request for Information from a borrower must provide a written response

acknowledging receipt of the correspondence within five business days after receipt. Upon information and belief, Chase never provided that response on September 25th, 2014, over 20 business days from the date when the letter was sent.

24. Further, under 12 U.S.C. §2605(e)(2), within 30 business days, a servicer that receives a QWR; Notice of Error; Request for Information from a borrower must investigate the disputes and either correct the account or provide a written explanation for why corrections are not applicable to either loan.

25. Chase did provide a letter of response on September 30th, 2014. This letter did not provide any explanation to the request, with affirmative waiver, to receive statements and also made a request of the Plaintiffs to execute a reaffirmation under 11 U.S.C. § 727 when there is no affirmative duty on the Plaintiffs to reaffirm. Chase's response was clearly intended to dodge the issues raised in Plaintiff's letter.

26. Pursuant to 12 U.S.C. §2605(f) and Section 3500.21(f) of Reg. X, Plaintiffs may recover actual damages, costs, and reasonable attorneys' fees for each of Chase's failures to comply with any part of 12 U.S.C. §2605.

27. Chase's failure to conduct any type of investigation into Plaintiff's account or continue to fail to send monthly statements has caused the Plaintiffs to bring this action in order to ensure their payments pursuant to the recorded modification are being applied both properly and to the correct account. Chase's failure to response to the reasonable inquiries has caused the Plaintiffs further fear that Chase will try and foreclosure on their house again. Therefore, Plaintiffs have suffered actual out-of-pocket damages and non-economic damages in the form of aggravation, frustration, embarrassment, loss of time, loss of enjoyment of life, and unwarranted stress.

## CLAIM II: BREACH OF CONTRACT

28. Plaintiffs allege the preceding paragraphs as if fully rewritten herein.

29. Plaintiffs and Chase have a binding contract since Chase is the servicer of Plaintiffs' mortgage loan.

30. Plaintiffs have made all timely payments from October 1st, 2013 to the present. Chase had an obligation to apply these funds to the proper account and also send monthly mortgage statements to the Plaintiffs.

31. Chase has provided the Plaintiffs, through the use of the information contained on Plaintiffs' bank statements, false information as to the application of payments to a now-closed and released home equity loan.
32. The home equity loan in question was voluntarily released a full ten (10) months prior to the resumption of payments pursuant to the loan modification.
33. Chase has repeatedly failed to provide any explanation as to why funds going to account 9456 are being applied against the released account 5598.
34. Chase has repeatedly failed to provide any legal explanation as to why monthly mortgage payments cannot be sent to the Plaintiffs.
35. Chase has breached the mortgage contract. The breach was one of bad faith because Chase delayed in their initial confirmation of response to the Request for Information and has continued to provide inaccurate information to the Plaintiffs.
36. Chase's breach of mortgage contract has not only caused Plaintiffs' economic damages of having to defend its actions and have caused Plaintiffs to suffer damages for distress, fear of losing their home, and mental anguish.
37. Plaintiffs are entitled to actual damages and reasonable attorneys' fees and costs.

### CLAIM III: BREACH OF CONTRACT – Settlement Agreement

38. Plaintiffs allege the preceding paragraphs as if fully rewritten herein.
39. Chase and Plaintiffs entered into a settlement agreement in the foreclosure case which included the now-recorded loan modification.
40. Plaintiffs have remitted all payments pursuant to the modification. Chase has failed to apply all payments properly pursuant to the terms of the modification made under the terms of the settlement agreement.
41. Chase's breach of the settlement agreement is one of bad faith because Chase has failed to apply all payments and continued to provide misleading information.
42. Chase's breach of settlement agreement has not only caused Plaintiffs' economic damages of having to defend its actions and have caused Plaintiffs to suffer damages for distress, fear of losing their home, and mental anguish.
43. Chase's breach of settlement agreement also calls into question the integrity of the legal system as a whole given the terms of the settlement agreement were negotiated in good faith and at arms-length.
44. Plaintiffs are entitled to actual damages and reasonable attorneys' fees and costs.

## CLAIM IV: FRAUDULENT MISREPRESENTATION

45. Plaintiffs allege the preceding paragraphs as if fully rewritten herein.
46. At the time of the foreclosure complaint, Chase had released the home equity line of credit ending in 5598 and was seeking enforcement of the terms of the mortgage ending in 9456.
47. There's no dispute that the settlement agreement and loan modification involved loan ending in 9456.
48. The Plaintiffs have remitted all required payments under the modification to Chase.
49. Chase has knowingly and recklessly misrepresented to Plaintiffs the status of their active loan with Chase and the released loan with Chase by applying payments made on account 9456 to account 5598.
50. Chase knowingly and recklessly misrepresented to Plaintiffs the status of their mortgage account in the September 30th, 2014 letter when they provided a non-responsive response to Plaintiff's August 26th, 2014 request and also misrepresented the necessity of Plaintiffs to reaffirm on the mortgage loan.
51. Chase made these representations with the forseeable knowledge that the Plaintiffs would continue to make payments pursuant to the settlement agreement and modification without any ability, absent litigation, to find out the actual status of both loan 9456 and loan 5598. These mi misrepresentations caused Plaintiffs to suffer non-economic damages for the stress, frustration, and anxiety of having to deal with this. The actions of Chase are a pattern and practice of a scheme to defraud borrowers and force them into foreclosure and/or compel an unnecessary reaffirmation; therefore, Plaintiffs are entitled to punitive damages.

## CLAIM V: VIOLATION OF BANKRUPTCY DISCHARGE

52. Plaintiffs allege the preceding paragraphs as if fully rewritten herein.
53. The actions of Chase, including but not limited to, incorrectly applying mortgage payments to a closed account, and misstating the necessity of a reaffirmation agreement violation the Plaintiff's Chapter 7 discharge.
54. All of these actions occurred despite formal and actual knowledge of Plaintiffs' Bankruptcy as well as the Loan Modification agreement. These actions constitute gross and willful violations of the discharge order under 11 U.S.C. § 727(b).

55. As a result of the above violations of 11 U.S.C, § 727(b), Plaintiffs are entitled to actual damages, legal fees and punitive damages pursuant to 11 U.S.C. § 105 and the concurrent jurisdiction granted to this Court.

## CLAIM VI: CONVERSION

56. Plaintiffs allege the preceding paragraphs as if fully rewritten herein.
57. Based upon the terms of the loan modification, the Plaintiffs were to remit payments to Chase beginning with the October 1st, 2013 payment on account number 9456.
58. As alleged above, the Plaintiffs have made all contractual payments due under the terms of the modification from October 1st, 2013 through the filing of this Complaint.
59. Upon information and belief, Chase has knowingly applied these funds to a released home equity line account as demonstrated by the account statements accessible to Plaintiffs for their bank accounts with Chase.
60. When Plaintiffs tendered the monthly payments to Chase, they did not relinquish their ownership in the money. Their ownership interest remains intact until the money was sent to the loan's owner, JP Morgan Chase Bank, N.A.
61. Pursuant to the original note and mortgage as well as the loan modification, Chase has been required to apply Plaintiffs' payments in a certain matter. Chase converted Plaintiffs' money by applying these funds to a non-existent account which has led to the misapplication of payments to the actual mortgage account that was modified.
62. Chase's conversion of Plaintiffs' money has caused actual of out-of-pocket damages for having to hire counsel again following the resolution of the foreclosure matter. The conversion also caused non-economic damages for in-ability to have the loan balance be accurate. Plaintiffs are entitled also to an award of punitive damages due to the actions of Chase.

## Trial By Jury

63. Plaintiffs are entitled to and hereby respectfully request a trial by jury on each and every matter so entitled. US Const. Amend. 7.

## Prayer for Relief

**WHEREFORE,** Plaintiffs having set forth their claims for relief against Defendant, respectfully pray of this Court as follows:

   A. That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of statutory damages;

B. That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of actual damages;

C. That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of punitive damages;

D. That the Plaintiff have and recover against the Defendants all reasonable legal fees and expenses incurred by their attorney; and

E. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Brian D. Flick, Esq.
Case Attorney for Debtors
Mills, Mills, Fiely and Lucas, LLC
632 Vine St, Suite 305
Cincinnati, OH 45202
(513) 718-7176
(614) 767-5229 fax
bflick@mmfllaw.com